IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-644-D

| | | |
|---|---|---|
| JEREMIAH WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On January 9, 2013, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 27]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 22], grant defendant's motion for judgment on the pleadings [D.E. 24], and affirm the final decision of defendant. On January 23, 2013, plaintiff filed objections [D.E. 28] to the M&R. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as sufficient to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In his objections, plaintiff first argues that the ALJ's assessment of plaintiff's IQ score is not supported by substantial evidence. In making the argument, plaintiff recognizes that an ALJ has the discretion to assess the validity of an IQ test in light of the entire record, but argues that the ALJ erred in evaluating plaintiff's alleged mental retardation under Listing 12.05B and 12.05C. See Hancock v. Astrue, 667 F.3d 470, 474–75 (4th Cir. 2012). The record, however, shows that substantial evidence supports the ALJ's decision to reject plaintiff's contention that he was disabled due to mental retardation. Tr. 20–22, 221, 223–24, 227–229, 231–44, 309; M&R 7–8. Thus, the objection is overruled.

2

Next, plaintiff contends that the ALJ failed to consider plaintiff's alleged mental impairments in considering his RFC. The ALJ did, however, analyze the arguments that plaintiff continues to make concerning his alleged (but unproven) mental impairment. See Tr. 16–24. Substantial evidence (which the ALJ cited in his opinion) supports the analysis. Accordingly, the objection is overruled.

In sum, plaintiff's objections to the M&R [D.E. 28] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 22] is DENIED, defendant's motion for judgment on the pleadings [D.E. 24] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 20 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge